UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| STEVEN SPEARS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-1034-SLD |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. | |

ORDER

Now before the Court are Plaintiff Steven Spears's Petition to Proceed In Forma Pauperis, ECF No. 2, and Motion to Request Counsel, ECF No. 3. For the following reasons, the Court DENIES both motions without prejudice.

## I.   Motion for Leave to Proceed In Forma Pauperis

Plaintiff has moved to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. However, the information he submitted is insufficient for the Court to determine Plaintiff's ability to pay the filing fee. Accordingly, the Petition to Proceed In Forma Pauperis, ECF No. 2, is DENIED without prejudice. The Clerk is directed to mail Plaintiff a copy of Form AO 239. Plaintiff must either pay the filing fee or file Form AO 239, under penalty of perjury, by February 12, 2014. If Plaintiff fails to comply with this Order, his Complaint may be dismissed.

## II.   Motion to Request Counsel

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the Court must determine: "(1) has the indigent plaintiff made a reasonable attempt to

obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).

As to the second element, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* The Court will also consider "the plaintiff's literacy, communication skills, educational level, and litigation experience ... intellectual capacity and psychological history" to determine his ability to present his case. *Id.* Lastly, the Court will consider whether the plaintiff has sufficient access to legal materials and postal services. *Brown v. Hertz*, 437 F. App'x 496, 500 (7th Cir. 2011).

Plaintiff has not satisfied the first requirement by showing he made efforts to obtain counsel or, alternatively, by giving a reason why he could not do so. His Motion to Request Counsel fails to include expressly required documentation showing that he asked attorneys to represent him in this case, and he has failed to explain its absence. ECF No. 3 at ¶ 2.

Additionally, Plaintiff's motion fails to address his competency to litigate the case himself. Plaintiff must address the factors, described above, determining his ability to litigate the case himself, and show how those factors limit his capacity to present his case to the Court.

Therefore, Plaintiff's Motion to Request Counsel, ECF No. 3, is DENIED without prejudice. If Plaintiff still wants the Court to appoint counsel for him, he must file a supplemental motion by February 12, 2014, that (1) describes his efforts to contact attorneys or legal organizations to represent him in this case, or his reasons for being unable to make such

efforts, and (2) discusses in greater detail the factors that render him incapable of litigating the case himself.

Entered this 29th day of January, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
