IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN SPEARS,<br>     Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>     Defendant. | Case No. 1:14CV01034 |

## Order and Opinion

The Plaintiff, Steven Spears (Spears), appeals from the denial of his application for supplemental security income, under section 1614 (a)(3)(A) of the Social Security Act. He filed his application for supplemental security income on December 30, 2010, alleging he became disabled on August 2, 2010. His claim was first denied on April 19, 2011, and upon reconsideration on June 14, 2011. The Plaintiff then filed a timely written request for hearing on July 12, 2011. The hearing was held on September 18, 2012, in Peoria, Illinois. Spears was present and chose not to be represented by counsel, despite being informed of his right to representation. His friend, Lori Carmichael, also appeared and testified on his behalf. Dennis Gustafson, a vocational expert, testified at the hearing as well. Administrative Law Judge (ALJ) Wood issued an unfavorable opinion dated October 17, 2012. Having exhausted his administrative remedies, Spears (again representing himself) timely filed his Complaint in this action on January 28, 2014, pursuant to 42 U.S.C. § 405(g). He further filed a Motion for Summary Judgment on August 29, 2014. The Defendant, Carolyn Covin, Commissioner of Social Security (Commissioner), filed a Motion for Summary Affirmance in response on February 5, 2015. The parties consented to a U.S. Magistrate Judge deciding this case on the merits.

1

I

Spears claimed in the proceedings below that his impairments, listed as polysubstance abuse, depression and anxiety, alcohol-induced pancreatis, a degenerative back disorder and COPD made him unable to sustain gainful employment and lead to his application for supplemental security benefits. He did work during the application period, but this work did not produce sufficient income to qualify as "substantial gainful activity." Based on medical records and the testimony adduced at the hearing before the ALJ, the ALJ concluded that he had the following severe combination of impairments: polysubstance abuse, depression, and anxiety, alcohol-induced pancreatitis, a degenerative back disorder, and COPD. (R. 18)[1]. Spears's only claimed error before this Court relates to his COPD.

Regarding his COPD, the medical records are littered with references to him having been diagnosed with COPD, but those same records also indicate that his COPD was "stable" and treated with inhalers. Likewise, his treating physicians repeatedly advised him that further efforts to stabilize the COPD were futile, given Spears's refusal to stop smoking. Other than these references to the existence of Spears's COPD, there are no medical records which indicate that the COPD limits Spears in any particular way. Nevertheless, as already noted, the ALJ did find that COPD was one of Spears's "severe impairments." To account for the COPD in the RFC, the ALJ limited Spears to "no concentrated exposure to pulmonary irritants." (R. 30).

II

The Court's function on review is not to try the case de novo or to supplant the ALJ's findings with the Court's own assessment of the evidence. See *Schmidt v Apfel*, 201 F3d 970, 972 (7th Cir 2000); *Pugh v Bowen*, 870 F2d 1271 (7th Cir 1989). Indeed, "[t]he findings of the Commissioner of Social Security as to any fact, if

---

[1] The Transcript of the record of proceedings in this case is cited herein as "R."

supported by substantial evidence, shall be conclusive." 42 USC § 405(g). Although great deference is afforded to the determination made by the ALJ, the Court does not "merely rubber stamp the ALJ's decision." *Scott v Barnhart*, 297 F3d 589, 593 (7th Cir 2002). The Court's function is to determine whether the ALJ's findings were supported by substantial evidence and whether the proper legal standards were applied. *Delgado v Bowen*, 782 F2d 79, 82 (7th Cir 1986).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support the decision. *Richardson v Perales*, 402 US 389, 390 (1971); *Henderson v Apfel*, 179 F3d 507, 512 (7th Cir 1999). Furthermore, determinations of credibility made by the ALJ will not be overturned unless the findings are clearly erroneous. *Anderson v Bessemer City*, 470 US 564, 573 (1985); *Imani v Heckler*, 797 F2d 508 (7th Cir 1986), cert denied, 479 US 988 580 (1986).

In order to qualify for disability insurance benefits, an individual must show that his inability to work is medical in nature and that he is totally disabled. Economic conditions, personal factors, financial considerations, and attitudes of the employer are irrelevant in determining whether a plaintiff is eligible for disability. See 20 CFR §§ 404.1566, 416.966 (1986). The establishment of disability under the Act is a two-step process.

First, the plaintiff must be suffering from a medically determinable physical or mental impairment, or combination of impairments, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 USC § 1382(c)(a)(3)(A). Second, there must be a factual determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. *McNeil v Califano*, 614 F2d 142, 143 (7th Cir 1980). The factual determination is made by using a five-step test. See 20 CFR §§ 404.1520, 416.920. In the following order, the ALJ must evaluate whether the claimant:

1) currently performs or, during the relevant time period, did

      perform any substantial gainful activity;

2)     suffers from an impairment that is severe or whether a combination of her impairments is severe;

3)     suffers from an impairment which meets or equals any impairment listed in the appendix and which meets the duration requirement;

4)     is unable to perform her past relevant work; and

5)     is unable to perform any other work existing in significant numbers in the national economy.

Id. An affirmative answer at any step leads either to the next step of the test, or at steps 3 and 5, to a finding that the plaintiff is disabled. A negative answer at any point, other than at step 3, stops the inquiry and leads to a determination that the plaintiff is not disabled. *Garfield v Schweiker*, 732 F2d 605 (7th Cir 1984).

    The plaintiff has the burdens of production and persuasion on steps 1 through 4. However, once the plaintiff shows an inability to perform past work, the burden shifts to the Commissioner to show ability to engage in some other type of substantial gainful employment. *Tom v Heckler*, 779 F2d 1250 (7th Cir 1985); *Halvorsen v Heckler*, 743 F2d 1221 (7th Cir 1984).

    Before this Court, Spears challenges the ALJ's RFC determination, claiming that this Court should consider evidence that his COPD has worsened since the ALJ's decision. He offers to the Court as proof of this worsening condition a medical report from OSF Healthcare, dated August 29, 2014, which indicates Spears has COPD with 44% lung function before nebulizers and 60% function after. This lung function is a decrease from previous medical reports considered by the ALJ, according to Spears.

    The Commissioner argues that evidence of a claimant's worsening condition after the hearing before the ALJ cannot be considered by the district court.

Moreover, even if the district court could consider Spears's new medical report as evidence, it is not inconsistent with the ALJ's previous findings. Rather, this medical report shows the worsening of a condition that was already considered by the ALJ.

A court charged with reviewing a case may consider new evidence if "there exists 'new evidence which is material and...there is good cause for the failure to incorporate such evidence into the record in a prior proceeding'." *Schmidt v Barnhardt*, 395 F3d 737, 741-742 (7th Cir 2005). Evidence is deemed "material" if "there is a 'reasonable probability' that the ALJ would have reached a different conclusion had the evidence been considered." Id at 742. However, the new evidence is only material if it is also "relevant to the claimant's condition 'during the relevant time period encompassed by the disability application under review'." Id.

Here, Spears seeks to introduce new evidence which is dated August 29, 2014, twenty-seven months after the hearing before the ALJ on May 22, 2012. The evidence, constituting a medical report, is therefore not material because it does not apply to Spears's condition during the relevant time period; it shows Spears's condition at that later point, not what his condition was at the time relevant to the hearing on his disability application.

The Commissioner is also correct that, even if the court were to consider the August 29, 2014 report, the report is not inconsistent with the ALJ's previous RFC determination. In that RFC determination, the ALJ found:

> If the claimant stopped the substance abuse, the claimant would have the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) but is limited to work involving no climbing of ladders, ropes or scaffolds; only occasional climbing of ramps or stairs, only occasional balancing, stooping, crouching, crawling or kneeling; no exposure to hazards such as dangerous machinery or unprotected heights; *no concentrated exposure to pulmonary irritants*, limited to simple and repetitive tasks involving little or no change in work routine; and work involving only occasional interaction with the public, coworkers, or supervisors.

(emphasis added)(R. 30). In Spears's aforementioned medical report, the treating physician states, "It is extremely important that he [Spears] stay away from work with dusty, particulate environments or more lung damage could be had." Spears's medical report does not state that he is unable to work; it only specifies the proper conditions for work. These conditions for work are substantially similar to those set forth in the ALJ's RFC. Namely, that Spears have no exposure to pulmonary irritants. Accordingly, the August 2014 medical report, even if considered, is not contrary to the ALJ's original RFC determination.

### III

In light of the foregoing, the ALJ did not err in denying the Plaintiff's claim for benefits. This Court affirms the Commissioner's denial of benefits, and therefore DENIES the Plaintiff's Motion for Summary Judgment and GRANTS the Defendant's Motion for Summary Affirmance.

In light of the parties' consent, any appeal of this ruling must be made directly to the Seventh Circuit within the time period prescribed by the Federal Rules of Appellate Procedure.

*It is so ordered.*

Entered on July 20, 2015

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE